# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RALPH BROWN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-109-RAW |
| | ) | |
| MICHELIN NORTH AMERICA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of the defendant Hankook Tire Co., Ltd., ("Hankook") for summary judgment. Plaintiff alleges that on or about January 12, 2012, he was driving in Pittsburg County, Oklahoma, when a tire on his vehicle spontaneously deflated and an accident resulted. He alleges the tire was defective. It is not disputed that Hankook designed and manufactured the subject tire and the companion tires on plaintiff's vehicle and that defendants Michelin North America Co., Ltd. ("MNA") and Uniroyal Goodrich Tire Company, Inc., ("Uniroyal") sold the tires.[1]

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact" and "the movant is entitled to a judgment as a matter of law." Rule 56(a) F.R.Cv.P. The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See EEOC v. Abercrombie*

---

[1] MNA has admitted that Uniroyal "is no longer an entity separate and apart from MNA," but denies plaintiff's allegation that "it is a wholly owned subsidiary of MNA." (#23 at 1). MNA has adopted the present motion without objection. (#76).

*& Fitch Stores, Inc.,* 731 F.3d 1106, 1116 (10th Cir.2013). The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Schneider v. City of Grand Junction Police Dept.,* 717 F.3d 760, 767 (10th Cir.2013).

In his response, plaintiff withdraws his claims for design defect, failure to warn, negligence and punitive damages. (#86 at 2 n.1). He stands on his claim for manufacturing defect. Under Oklahoma law, as stated by the Tenth Circuit, "[a] product is defective in manufacture if it deviates in some material way from its design or performance standards. The issue is whether the product was rendered unsafe by an error in the manufacturing process," which is "often established by showing that a product, as produced, failed to conform with the manufacturer's specifications." *Wheeler v. HO Sports, Inc.,* 232 F.3d 754, 757 (10th Cir.2000)(internal quotation marks and citations omitted).[2] Plaintiff emphasizes the word "often" in this quotation to argue that the Tenth Circuit was not stating an exclusive means of proof.

The strategic necessity for plaintiff's argument is made clear by examination of his expert's testimony. The expert opines that the tire failed due to a "beadout" caused by a manufacturing defect. (#98-1 at 5, ¶¶5 & 7).[3] A tire bead is the edge of a tire that sits

---

[2] Generally, Oklahoma law requires a plaintiff in a products liability action to prove: (1) the defective product was the cause of the injury; (2) the defect was in the product at the time it left the manufacturer's possession and control; and (3) the defect made the product "unreasonably dangerous" to the consumer. *Kirkland v. Gen. Motors Corp.,* 521 P.2d 1353, 1363 (Okla.1974).

[3] The court here employs the pagination assigned by CM/ECF.

2

against the wheel rim and keeps the tire in place. Plaintiff's expert opines that "[t]he bead bundle sawed through the body ply of the tire. Once this happened, the tire became partially dismounted and rapidly deflated." *Id.* at ¶5. Plaintiff's expert testified, however, that he was not familiar with manufacturing specifications, design specifications or standards, or performance standards for this tire. (#98-2 at 95.13-23). He could not point to any specifications or standards which had been violated. (*Id.* at 108.16-19). As previously stated, plaintiff notes the *Wheeler* court did not say that demonstrating violation of standards or specifications is the only means of establishing a manufacturing defect.

Plaintiff notes that under Oklahoma law "[c]ircumstantial evidence, coupled with the proper inferences drawn from it, is clearly an acceptable minimal basis" for plaintiff to make out a products liability claim. *Lee v. Volkswagen of America, Inc.,* 688 P.2d 1283, 1285 (Okla.1984). Plaintiff contends that the "performance standards" of a tire may refer to the length of warranty or the tread depth, (*See* #86 at 5 ¶18), and that "[t]he subject tire did in fact deviate from the performance standards and did not conform to specifications that the tire not fail before the end of its useful life." *Id.* at 10. This appears to be a close and unsettled question, but the court concludes to the contrary.[4]

---

[4] The court does not read the deposition testimony of Charles Patrick (defendant MNA's Rule 30(b)(6) representative) as establishing that it was a "performance standard" of defendant that a tire would not fail before a certain tread depth. His testimony refers to state standards. (#86-7 at 36.20-23). The court finds plaintiff has not presented evidence as to MNA's particular performance standards. In a case under Kansas law, the Tenth Circuit has spoken of "the highly technical nature of tire design and tire-failure analysis" requiring expert testimony as to standard of care. *Ho v. Michelin North America, Inc.,* 520 Fed.Appx. 658, 667 (10th Cir.2013). The court is persuaded the same principle requires expert testimony as to violation of performance standards in regard to a claim for manufacturing defect.

3

It is "the general rule that circumstantial evidence may be used in a products liability action", *see Ho v. Michelin North America, Inc.,* 520 Fed.Appx. 658, 667 (10th Cir.2013)(Kansas law), but in the court's understanding, a claim for manufacturing defect is a special subset of such claims and thus requires the proof described in *Wheeler* of deviation from design or performance standards. That is to say, "[a] plaintiff cannot recover in a manufacturing defect case if his or her proof shows a defect in the product but fails to show that the defect resulted from improper manufacture." American Law of Products Liability §31:2 (3d edition)(footnote omitted).[5] On this basis, the court finds summary judgment is appropriate.

It is the order of the court that the motion of the defendant for summary judgment (#75) is hereby GRANTED.

**ORDERED THIS 11th DAY OF AUGUST, 2015.**

**Dated this 11th day of August, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5] The Westlaw database is ALPL. This is not to say that defendants concede that plaintiff has proven a defect of any sort. Defendants' expert opines that the damage seen by plaintiff's expert was caused by the accident itself. (#86-2 at 67.3-6; 68.12-14. #86-4 at 7-8 ¶¶6 & 7). Defendants' expert also saw no evidence of "run flat" damage to the subject tire. (#86-4 at 7 ¶4). Additionally, plaintiff's expert examined the other tires on the vehicle and find no evidence of defect. (#75-5 at 112.13-16; 155.23-156.1-13).

4